**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4002
_____

In re: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. V)


Taylor Stokes,
Executor of the Estate of Mr. Raymond
Stevens,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Nos. 2-09-cv-91897, 2-01-md-00875)
District Judge:  Hon. Eduardo C. Robreno

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2014

Before:  AMBRO, CHAGARES, and VANASKIE Circuit Judges.

(Filed: October 8, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Taylor Stokes, as executor of the estate of Raymond Stevens, appeals the District

Court's grant of summary judgment to the defendants on his products liability claim.  For

the reasons that follow, we will affirm.

# I.

Because we write solely for the benefit of the parties, we will only briefly summarize the facts relevant to our decision. Stevens's complaint alleges that he developed mesothelioma, an asbestos-related disease, after having been exposed to asbestos-containing products manufactured by defendants CBS Corporation (a successor by merger to Westinghouse Electric Corporation) and distributed by International Paper Co. ("IP").[1] Specifically, he contends that he was exposed to asbestos in connection with "Micarta panels" that he helped install aboard U.S. Navy vessels between 1960 and 1985.

Stevens's only evidence of exposure to asbestos consisted of his deposition testimony. In it, he recalled cutting and installing green composite paneling, but could not remember the manufacturer of the panel or its precise name, referring to it variously as "Mako," "Mika," "Miko," "Mickeda," and "Mikeda." Appendix ("App.") 109-110, 134. He initially stated that the panels were stamped as containing asbestos:

> Q: You think [the panels] contained asbestos?
> A: I know it did.
> Q: How did you know it did? Did it have asbestos on it?
> A: Uh-huh.
> Q: Or did it say asbestos on the packaging?
> A: On the side of it. It wasn't packaged, it was banded.

App. 109. He later backtracked, and admitted that he never saw the word asbestos on the panels themselves. App. 120 ("Q: Did you ever see the word asbestos on the panel

---

[1] Stevens passed away while this litigation was pending on August 10, 2012. The executor of his estate was duly substituted as the plaintiff. For ease of reference, we will refer to the plaintiff as Stevens. Stevens also sued twenty-one other defendants, but does not press claims against any of them on appeal.

itself? A: No"). When asked how he knew that the panels contained asbestos, he stated "[w]ell I just know it did. I know that the asbestos was in that type of material." Id.

The defendants moved for summary judgment, offering three crucial pieces of evidence in support of their motion. First was an affidavit from Dr. David E. Baldwin, the former general manager of Westinghouse's Micarta division. He stated that while Westinghouse did manufacture Micarta paneling, only some contained asbestos, and the version that contained asbestos was never approved for use on Navy vessels. Non-asbestos, paper-based Micarta panels were, by contrast, commonly used aboard Navy ships. This statement is corroborated by an internal Westinghouse letter that lamented the fact that the Navy would not approve asbestos-containing Micarta for use aboard vessels. Two sets of Navy construction specifications, which prohibited the use of asbestos in paneling of this type, also support the Baldwin affidavit.

The District Court held that the plaintiff's internally inconsistent deposition testimony could not create a genuine issue of material fact that a jury could credit, and granted summary judgment to the defendants. The plaintiff timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1333(1) and 1442(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. Seamans v. Temple Univ., 744 F.3d 853, 859 (3d Cir. 2014). A moving party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine"

3

only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). While all reasonable inferences must be drawn in favor of the nonmoving party, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) (quotation marks omitted).

III.

We agree with the District Court that the plaintiff did not produce sufficient evidence to defeat the defendants' motion for summary judgment. An essential element of the plaintiff's maritime products liability claim is that the products to which he was exposed actually contained asbestos. See Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); see also Schulz v. Celotex Corp., 942 F.2d 204, 210 (3d Cir. 1991). On this issue, we do not see how any reasonable jury could credit Stevens's internally inconsistent deposition testimony and return a verdict for the plaintiff. Within a span of a few minutes, Stevens claimed that the word asbestos was stamped on the side of each panel, but then admitted that he never saw any such marking. Stevens has adduced no evidence whatsoever to controvert the defendants' documents that clearly indicate that while non-asbestos Micarta paneling was used on Navy ships, Micarta panels containing asbestos never were. Stevens's assertion that he "just kn[e]w" that

4

asbestos was in "that type of material," App. 120, is precisely the kind of speculative testimony that is insufficient to create a genuine issue of material fact. [2]

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] The defendants also contend that we should dismiss this case for multiple violations of Federal Rule of Appellate Procedure 28(a) in the plaintiff's brief. Although this case fails on its merits and we therefore decline the defendants' invitation, we note that we may not be inclined to overlook such deficiencies in the future. We make this observation for the benefit of the plaintiff's counsel and the 437 other clients whom he represents in this multidistrict litigation.